IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:21-cr-280-ECM |
| | ) |
| ANGELO DUNN, DEWEY GIBSON, | ) |
| JAMARICUE WILLIAMS, | ) |
| SHANNA COLLINS, and | ) |
| LARRY JEROME HILLIARD, JR. | ) |

**MEMORANDUM OPINION and ORDER**

On September 10, 2021, the Court granted Defendant Angelo Dunn's motion to continue trial (doc. 84). There remain four co-defendants set for jury selection and trial on the term of court commencing on October 4, 2021. For the reasons set forth below, the court will continue the trial of all the defendants pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

The Court continued this case because counsel for Dunn represented that additional time was necessary to adequately review the voluminous discovery in this conspiracy case. There are four other defendants charged in this case.  "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  A joint trial serves the interests of judicial administration and economy.  Accordingly, the Court concludes that the ends of justice served by continuing trial for all defendants of this trial outweigh the best interest of the public and the individual defendants in a speedy trial.   Thus, for good cause, it is

ORDERED that jury selection and trial are CONTINUED from October 4, 2021 to the criminal term of court set to commence on January 4, 2022 at 10:00 a.m. in Montgomery, Alabama.   All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the January trial term.

Done this 22nd day of September, 2021.

          /s/Emily C. Marks  
    EMILY C. MARKS  
    CHIEF UNITED STATES DISTRICT JUDGE