IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:21-cr-280-ECM |
| | ) |
| ANGELO DUNN | ) |
| DEWEY GIBSON | ) |
| JAMARICUE WILLIAMS | ) |
| SHANNA COLLINS | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Shanna Collins' unopposed motion to continue trial (doc. 136) filed on May 18, 2022. Jury selection and trial are presently set on the term of court commencing on July 11, 2022. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that he has recently been retained to represent the Defendant.  Discovery is voluminous including audio and video files and additional time is necessary to review the discovery to prepare for trial.  At the pretrial conference held on May 18, 2022, the United States and other defendants did not oppose a continuance.  "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial.  Thus, for good cause, it is

ORDERED that the motion to continue (doc. 169) is GRANTED as to all the defendants, and jury selection and trial are CONTINUED from July 11, 2022 to the criminal term of court set to commence on October 3, 2022 at 10:00 a.m. in Dothan, Alabama.  All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term.

Done this 1st day of June, 2022.

           /s/Emily C. Marks
          EMILY C. MARKS
          CHIEF UNITED STATES DISTRICT JUDGE